UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 14, 2020

          -against-

GIANLUCA PACIULLO,

                   Defendant.

--------------------------------------------------------X

15-CR-834 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Gianluca Paciullo ("Defendant") has moved for a modification of his sentence under 18 U.S.C. § 3582 and the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Defendant, who is 25 years old, suffers from IgA nephropathy and Adverse Childhood Experiences. He claims that these conditions put him at a unique risk of dying or suffering severe illness should he contract COVID-19. For the reasons set forth below, the Court DEFERS ruling on Defendant's motion.

## I. BACKGROUND

On February 28, 2017, this Court sentenced Defendant to five years' imprisonment, with five years' supervised release, following Defendant's guilty plea to one count each of (1) Receipt of and Distribution of Child Pornography and (2) Possession of Child Pornography. (ECF Nos. 38, 40.) Defendant was remanded to the custody of the United States Marshal. (*Id.*) Since that time, and until the present day, Defendant has been serving his sentence at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). Defendant's earliest projected release date is December 20, 2020; Defendant recently received a release date of

August 20, 2020 to the Bronx Residential Reentry Center.    (Government's Opposition, ECF No. 52 at 1 & n.1.)

On April 3, 2020, Defendant filed a motion with the Warden of FCI Danbury, seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).    FCI Danbury responded on the same day by informing Defendant, by email, that it was managing its response to the COVID-19 pandemic according to Bureau of Prisons ("BOP") guidance, which includes evaluations of inmates for pre-release custody and home confinement.    (ECF No. 53 Ex. A.)    The BOP has otherwise taken no action on Defendant's motion.

On the same day, April 3, 2020, Defendant filed the instant motion, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A).    (ECF No. 49.)

## II.    RISKS FACING DEFENDANT DUE TO COVID-19

This Court has already joined the chorus of courts in this District and elsewhere in noting the considerable danger that large prison populations face from the COVID-19 pandemic.    *See United States v. Skelos*, No. 13-CR-517 (S.D.N.Y. Apr. 12, 2020) (Wood, J.), ECF No. 507 at 2–4; *see also United States v. Stephens*, No. 15-CR-95, 2020 WL 1295155, at *2 (S.D.N.Y. March 19, 2020) (Nathan, J.).    This Court reiterates that concern now.

The danger posed by COVID-19 is particularly acute at FCI-Danbury, where Defendant resides.    As of the date of this Order, 37 inmates and 30 staff members at FCI-Danbury have tested positive for COVID-19, placing the facility in a tie for first place for total cases among all BOP facilities nationwide.    *See* Covid-19 Cases, Bureau of Prisons, https://www.bop.gov/ coronavirus/ (accessed April 14, 2020).    The Attorney General has found that emergency conditions exist at FCI Danbury because the facility is "experiencing significant levels of infection."    *See* Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020).

Defendant also argues that he faces a heightened risk of illness or death from the COVID-19 pandemic, as compared to the general prison population. In support of his motion, Defendant submits, *inter alia*, the Medical Opinion of Dr. Richard Goldberg, who opines, based on a review of Defendant's medical history, that Defendant suffers from two conditions—IgA nephropathy and Adverse Childhood Experiences—that have adversely affected his immune function and therefore place him at heightened medical risk from the COVID-19 pandemic in the prison environment. (*Id.* Ex. A.) (ECF No. 49 Ex. A.) The Government concedes that Defendant suffers from both of these conditions but vigorously disagrees that they justify granting his motion for compassionate release.

## III.    AUTHORITY TO GRANT RELEASE AT THIS JUNCTURE

Following passage of the First Step Act, this Court may grant compassionate release motions brought by inmates who have exhausted their administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is met when either the defendant has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf *or* thirty days have elapsed since requesting that the warden of his facility initiate such action. *Id.*

Here, Defendant requests that the Court find that he has exhausted his administrative remedies, or, in the alternative, that the Court waive the requirement of exhaustion. The Government argues that the Court should reject Defendant's motion as unexhausted.

The Court finds that Defendant has not exhausted his administrative remedies. Defendant claims that the BOP's email, dated April 3, 2020, served as a denial of his request for compassionate release. But the email merely confirmed the BOP's receipt of Defendant's request and advised him of BOP's ongoing policies for addressing the COVID-19 pandemic. Therefore, the Court finds that BOP has not rejected Defendant's request.

This Court recently addressed the question of whether the Court may waive the requirement of exhaustion in *Skelos*.   As the Court explained in that case, strong interests weigh both in favor of and against waiver.   On the one hand, the exhaustion requirement of § 3582(c)(1)(A) is stated clearly, and courts are generally required to effectuate Congressional intent by strictly enforcing statutory exhaustion requirements.   *See Skelos*, ECF No. 507 at 5 (citing *Theodoropoulos v. INS*, 358 F.3d 162, 172 (2d Cir. 2002)).   On the other hand, the lethal danger posed by COVID-19 means that requiring defendants to wait 30 days for judicial review may make relief unavailable to defendants who are particularly vulnerable, frustrating Congress' intent of making judicial review expeditious and effective.   *Id.* at 7 (citing *United States v. Gross*, No. 15-CR-769, 2020 WL 1673244, at *3 (S.D.N.Y. Apr. 6, 2020) (Nathan, J.)).

Therefore, as in *Skelos*, to effectuate Congressional intent, the Court strikes a compromise.   The Court will defer ruling on Defendant's motion until on or after April 23, 2020 in order to afford the BOP the opportunity to consider its merits.   The Court expects the BOP will act with the dispatch the circumstances compel.   The Government is hereby ordered to submit a letter immediately following any determination the BOP makes on Defendant's request for compassionate release.   The Court expects the BOP to make a final determination no later than April 23, 2020—twenty days from the date the Warden c of FCI Danbury confirmed receipt of Defendant's application to the BOP.   The BOP is also encouraged to state by April 23, 2020, whether it intends to grant Defendant a furlough under 18 U.S.C. § 3622—a matter committed to the BOP's sole discretion.   *See United States v. Roberts*, 18-CR-528, 2020 WL 1700032, at *3–4 (S.D.N.Y. Apr. 8, 2020) (Furman, J.).   If the BOP has not made a final decision on Defendant's compassionate release application or granted Defendant a furlough by April 23, 2020, the Court will consider Defendant's compassionate release motion at that time.   This compromise is intended to vindicate congress' dual intent that the BOP be afforded the

opportunity to weigh in on the merits of compassionate release applications and that inmates have swift access to judicial review.

The court recognizes that the BOP may well have access to information the Court lacks. For example, the BOP may know an inmate's current medical condition, the current risk of infection by COVID-19 in the quarters in which that person is housed, and the extent to which effective quarantine is available.    However, the BOP may not have the resources to obtain that information, when, as now, it must consider the individual circumstances of thousands of compassionate release applicants.    If the Government is currently aware, or at any point learns, that the BOP will not be able to render a decision on Defendant's application by April 23, 2020, the Government is urged to waive the requirement of administrative exhaustion in this case. See *United States v. Knox*, No. 15-CR-445, (S.D.N.Y. Apr. 9, 2020) (Engelmayer, J.), ECF No. 1084 (urging the Government to waive exhaustion where the BOP could not commit to resolving Defendant's compassionate release application by the expiration of the 30-day exhaustion period or by any certain date).

Finally, reiterating its position in *Skelos*, the Court again "joins the growing chorus of courts imploring the coordinate branches to take action in response to the threat COVID-19 poses to incarcerated people before it is too late."    *Skelos*, ECF No. 507 at 8 (quoting *Gross*, 2020 WL 1673244, at *3).    The current public health crisis demands a systemic response, rather than judge-by-judge determinations, which vary depending on which judge is deciding the motion for compassionate release.

## IV.    CONCLUSION

For the foregoing reasons, the Court DEFERS ruling on Defendant's motion.    The Government shall submit a letter immediately following any determination by the BOP on

Defendant's application for compassionate release.   If the BOP has not made a final

determination by April 23, 2020, the Court will at that time consider Defendant's motion in full.


        SO ORDERED.

Dated:  New York, New York
        April 14, 2020                        /s/s Kimba M. Wood
                                            KIMBA M. WOOD
                                         United States District Judge