UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

-v.-

GIANLUCA PACIULLO,

                           Defendant.

-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 8, 2020

15-CR-834 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant Gianluca Paciullo has moved to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant seeks compassionate release, claiming that his kidney disease, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and asthma place him at a high risk of suffering severe illness should he contract COVID-19. The Government opposes his motion. Considering Defendant's medical conditions, disciplinary history while incarcerated, and risk of recidivism, the Court finds that compassionate release is not warranted. Therefore, Defendant's motion is DENIED.

## BACKGROUND

      On February 28, 2017, this Court sentenced Defendant to five years' imprisonment, with five years' supervised release, following Defendant's guilty plea to one count each of (1) Receipt and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and 18 U.S.C. § 2252A(b)(l), and (2) Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2). (ECF Nos. 38, 40.) Since that time, Defendant has been serving his sentence at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury").

      On April 3, 2020, Defendant filed a motion with the Warden of FCI Danbury (the

"Warden"), seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). On the same day, April 3, 2020, Defendant filed the instant motion. (ECF No. 49.) On April 16, 2020, the Government informed the Court that the Bureau of Prisons ("BOP") had reviewed Defendant for immediate release to home confinement, pursuant to the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), but declined to release Defendant due to his status as a sex offender. (ECF No. 55.) On April 30, 2020, the Warden denied Defendant's request for compassionate release, stating that Defendant is "ineligible for release to Home Confinement under the CARES Act." (ECF No. 59 Ex. A.)

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

A court may reduce a defendant's sentence only if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t)). The Sentencing Commission has determined that a defendant's circumstances meet

this standard, *inter alia*, when the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the Director of the Bureau of Prisons, the defendant's circumstances are extraordinary and compelling for "other reasons."  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A), (D).   Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the determination made by the Director of the Bureau of Prisons.  *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) (Failla, J.).

In addition, the Sentencing Commission has determined that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

## DISCUSSION

Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the Warden.  Defendant claims he should be granted compassionate release because he suffers from three medical conditions that place him at unique risk from infection with COVID-19: IgA nephropathy, a kidney disease; ▬▬▬▬▬▬ ▬▬▬▬▬▬; and asthma.

Defendant has not demonstrated the existence of extraordinary and compelling circumstances in his case.  Defendant is 25 years old, an age at which he faces a very low risk of hospitalization or death from COVID-19.[1]  Defendant's medical records show that the BOP is

---

[1] *See* Dr. Skiha Garg, *et al.*, *Hospitalization Rates and Characteristics of Patients Hospitalized with Laboratory-Confirmed Coronavirus Disease 2019 – COVID-NET, 14 States, March 1 – 30, 2020*, MORBIDITY AND MORTALITY WEEKLY REPORT (Apr. 17, 2020); *Weekly Updates by Select Demographic and Geographic Characteristics*, CENTER FOR DISEASE CONTROL, https://www.cdc.gov/nchs/nvss/vsrr/covid_weekly/

monitoring and managing Defendant's IgA nephropathy.  (Gov't Opp. Ex. B.)  Defendant states that IgA nephropathy can be exacerbated by upper respiratory illnesses such as COVID-19, but the Center for Disease Control ("CDC") does not consider IgA nephropathy to be a risk factor for COVID-19.[2]  Likewise, the CDC does not consider ▬▬▬▬▬▬▬▬▬▬▬▬ to be a risk factor for COVID-19.[3]

Although the CDC considers moderate or severe asthma to be a risk factor for COVID-19, the record does not establish that Defendant's asthma places him at high risk.  Defendant's medical records show that he was diagnosed with asthma in April 2016, but do not show that his condition necessitated any treatment.  Defendant has not been prescribed any medications for asthma for at least the past year.  (Gov't Opp. Ex. B.)  Defendant did not mention his asthma diagnosis in his motion for compassionate release, which casts doubt on his claim that his asthma is sufficiently serious to warrant release.  In fact, the Court first learned of Defendant's asthma when the Government made note of it in its Opposition filing.  (Gov't Opp. at 3.)

In addition to considering Defendant's medical conditions, the Court must consider the factors set forth in 18 U.S.C. § 3553(a).  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need "to protect the public from further crimes of the defendant."  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C).  Defendant's offense was very serious, and the BOP considers Defendant to present a "medium" risk of recidivism.  In addition, Defendant's disciplinary record at FCI Danbury, which includes infractions for abusing opioid drugs and refusing to obey orders, raises doubt about his ability to

---

index.htm#AgeAndSex (accessed May 5, 2020).

[2] Center for Disease Control, *Coronavirus Disease 2019 (COVID-10): At Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (accessed May 5, 2020).

[3] *Id.*

4

comply with the stringent conditions of release that would be imposed in his case. (Gov't Opp. Ex. C.) Thus, the Court finds that the § 3553(a) factors weigh against granting Defendant's motion.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: New York, New York
      May 8, 2020

                                                          /s/ Kimba M. Wood
                                                          KIMBA M. WOOD
                                          United States District Judge